UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| LONNIE H.,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22-cv-00086-SEB-KMB |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This is an action for judicial review of the final decision of Defendant Commissioner of Social Security ("Commissioner") finding Plaintiff Lonnie H. not entitled to Social Security disability insurance benefits or supplemental security income. This case was referred to Magistrate Judge Barr for initial consideration. On August 9, 2023, Magistrate Judge Barr issued a Report and Recommendation recommending that the Administrative Law Judge's (ALJ) decision denying Plaintiff benefits be reversed and remanded because the ALJ's determination was not supported by substantial evidence. This cause is now before the Court on the Commissioner's Objections to the Magistrate Judge's Report and Recommendation. Dkt. 24.

---

[1] To protect the privacy interests of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States courts, the Southern District of Indiana has opted to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions.

1

## Standard of Review

We review the Commissioner's denial of benefits to determine whether it was supported by substantial evidence or is the result of an error of law. *Rice v. Barnhart*, 384 F.3d 363, 368–69 (7th Cir. 2004); *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). In our review of the decision of the ALJ, we will not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute our own judgment for that of the Commissioner." *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). However, the ALJ's decision must be based upon consideration of "all the relevant evidence," without ignoring probative factors. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). In other words, the ALJ must "build an accurate and logical bridge" from the evidence in the record to his or her conclusion. *Dixon*, 270 F.3d at 1176. We confine the scope of our review to the rationale offered by the ALJ. *See SEC v. Chenery Corp.*, 318 U.S. 80, 93–95 (1943); *Tumminaro v. Astrue*, 671 F.3d 629, 632 (7th Cir. 2011).

When a party raises specific objections to elements of a magistrate judge's report and recommendation, the district court reviews those elements *de novo*, determining for itself whether the Commissioner's decision as to those issues is supported by substantial evidence or was the result of an error of law. Fed. R. Civ. Pro. 72(b). The district court "makes the ultimate decision to adopt, reject, or modify" the report and recommendation, and need not accept any portion as binding; the court may, however, defer to those conclusions of the report and recommendation to which timely objections have not been

raised by a party. *See Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759–761 (7th Cir. 2009). We have followed those guidelines in conducting this review.

## **Discussion**[2]

Plaintiff Lonnie H. applied for disability insurance benefits on August 16, 2019, and supplemental security income on September 13, 2019, alleging an onset date of June 24, 2018. Following the familiar five-step sequential evaluation process, the ALJ concluded at Step One that Lonnie had not engaged in substantial gainful activity since his alleged onset date of June 24, 2018. At Step Two, the ALJ determined Lonnie had the following severe impairments: degenerative spondylosis (age-related degeneration of the spine), right rotator cuff tendonitis, schizophrenia, and other psychotic disorders. The ALJ found at Step Three that no listings were met or medically equaled. Before Step Four, the ALJ determined that Lonnie had the residual functional capacity (RFC) to perform "medium work," except as follows:

> Lonnie is able to life and carry, up to 50 pounds occasionally and 25 pounds frequently; able to stand and/or walk for 6 hours per 8-hour day and sit for 6 hours per 8-hour day with normal breaks. [Lonnie] can occasionally climb ladders ropes or scaffolds and frequently stoop and crouch. [Lonnie] can maintain attention and concentration and sustained persistence and pace for a sufficient period to complete details tasks but no complex tasks. [Lonnie] can interact with coworkers and supervisors on a superficial and ongoing basis meaning no requirement for conflict resolution, arbitration, or persuading others. [Lonnie] is able to adapt to routine changes in work process and environment with detailed work-related tasks but no complex tasks.

---

[2] The relevant evidence of record is amply set forth in the parties' briefs as well as the ALJ's decision and need not be repeated here. Specific facts relevant to the Court's disposition of this case are discussed below.

Dkt. 7-2 at 16-26.

Based on this RFC, at Step Four, the ALJ concluded that Lonnie could perform his past relevant work as a forklift operator and packaging line attendant. Having found that Lonnie could perform his past relevant work, the ALJ could have ended her analysis at Step Four, but she elected to proceed to Step Five. At Step Five, the ALJ found that there were jobs that existed in significant numbers in the national economy that Lonnie could have performed through the date of the decision, including Laundry Worker II, Groundskeeper, and Industrial Cleaner. Accordingly, the ALJ found that Lonnie was not disabled at any time between his alleged onset date of June 24, 2018, through the date of the ALJ's decision.

In Magistrate Judge Barr's Report and Recommendation, she recommended that the case be reversed and remanded for further consideration because the ALJ erred in determining Lonnie's RFC: (1) by failing to adequately consider his obesity in combination with his other impairments; and (2) by failing to explain how he could frequently stoop and crouch despite record evidence to the contrary. The Commissioner objects to the Magistrate Judge's finding that the ALJ erred on both these grounds. The Commissioner argues that because Lonnie failed to explain how obesity hampers his ability to work and his providers did not discuss obesity in any detail, the ALJ adequately addressed the condition in her decision. Regarding stooping and crouching, the Commissioner contends that the ALJ did not err in failing to impose additional stooping and crouching limitations when medical records show that Lonnie's condition improved following the single medical exam relied upon by the Magistrate Judge and no physician

4

ever opined that Lonnie was limited in his ability to stoop or crouch. We address these objections in turn below.

## I. Obesity

"In making a proper RFC determination, the ALJ must consider all of the relevant evidence in the record, even limitations that are not severe," *Murphy v. Colvin*, 759 F.3d 811, 817 (7th Cir. 2014), as amended (August 20, 2014) (quotation omitted), and "articulate, at least minimally, [her] analysis of the evidence so that [the] court can follow [her] reasoning." *Skarbek v. Barnhart*, 390 F.3d 500, 503 (7th Cir. 2004) (citations omitted). Regarding obesity specifically, an ALJ must consider a claimant's obesity in combination with his other impairments when determining his limitations and ability to perform work. *See Martinez v. Astrue*, 630 F.3d 693, 698–99 (7th Cir. 2011); *Browning v. Colvin*, 766 F.3d 702, 706 (7th Cir. 2014). Even in cases such as this where the claimant does not specifically name obesity as an impairment, the ALJ is still expected to consider the impact of obesity on a claimant's limitations so long as there are references to his weight in the medical records that are "likely sufficient to alert the ALJ to the impairment." *Skarbek*, 390 F.3d at 504 (citations omitted).

Here, as the Magistrate Judge recognized, while Lonnie did not specifically claim obesity as an impairment when he applied for disability benefits, the record contains several references to his weight and obesity, such that the ALJ was on notice of the impairment. In addition to the fact of Lonnie's obesity being consistently noted in his medical records during the relevant time period, Dr. Douglas Obermeyer observed on three separate occasions in 2020 that it was a "complicating factor" with respect to

5

Lonnie's spinal issues and noted that Lonnie's recovery from a back injury he had suffered while using a push mower at his home "may take longer than an average patient with an uncomplicated case." Dkt. 7-9 at 68, 71, 74.

It is clear that the ALJ was aware of Lonnie's obesity as she referenced it twice in her opinion, both times as part of her discussion at Step Two. Specifically, the ALJ noted that, in addition to several severe impairments, there was evidence that Lonnie also suffered from "diabetes, hypertension, left plantar calcaneal spurt, hyperlipidemia, cellulitis, acid reflux, cervical ligaments sprain, cervicalgia, status post COVID-19, *obesity*, and shoulder pain," but that the record established that these conditions "have either been successfully treated, controlled, stabilized, or otherwise do not more than minimally affect the claimant's ability to perform basic work activities." Dkt. 7-2 at 13 (emphasis added). At Step Two, the ALJ also acknowledged that Lonnie "was obese standing 70 inches weighed 264 pounds for a body mass index of 37.92," and that "the undersigned has considered this in evaluating the claimant's [RFC]," but found "there is no evidence of any complaints or complications attributed to obesity." *Id.* There is no further reference to Lonnie's obesity in the ALJ's opinion.

We agree with the Magistrate Judge that the ALJ's failure to mention Lonnie's obesity "even minimally" in formulating the RFC or to "explain how Lonnie's obesity would have impacted his limitations on its own or in combination with his other impairments, most notably his spinal issues," is problematic. Dkt. 21 at 9. Although the ALJ included obesity in a list of several conditions she found had been "successfully treated, controlled, stabilized, or otherwise do not more than minimally affect the

6

claimant's ability to perform basic work activities," she did not explain "*how* Lonnie's obesity is controlled or otherwise does not affect him." Dkt. 21 at 9. As the Magistrate Judge found, the ALJ's conclusory recitation that she "considered" obesity in considering Lonnie's limitations with no explanation as to how obesity factored into her assessment of the RFC does not provide the required "logical bridge" from the evidence to her conclusion. *Jarnutowski v. Kijakazi*, 48 F.4th 769, 773 (7th Cir. 2022). Even assuming, as it appears from her opinion, that the ALJ did not believe Lonnie's obesity resulted in limitations in his ability to work, "[s]he should have explained how [s]he reached that conclusion." *Tracey S. v. Saul*, No. 2:19-cv-98, 2020 WL 831588, at *5 (N.D. Ind. Feb. 20, 2020).

      The Commissioner argues that any such failure on the ALJ's part does not warrant remand because the Magistrate Judge failed to "specify any evaluation of Plaintiff's exertional capability that could have been affected by a more fulsome discussion of the obesity." Dkt. 24 at 4. However, the imaging revealing degenerative spondylosis (age-related degeneration of the spine), which the ALJ found to be one of Lonnie's severe impairments, post-dates the evaluations conducted by the state agency physicians and Dr. Jacobs of Lonnie's exertional limitations. Additionally, in assessing a prior back injury Lonnie suffered, Dr. Obermeyer noted on three occasions that Lonnie's obesity was a "complicating factor" with respect to his spinal issues. Given these facts, we cannot say that the ALJ's failure to explain how she accounted for Lonnie's obesity in assessing his RFC was harmless error, particularly since she found him capable of performing medium

level work, which, like light level work,[3] requires a claimant to walk and sit for up to six hours out of an eight-hour workday.  As the ALJ set forth no discussion of how she found Lonnie could walk and sit for prolonged periods of time, notwithstanding his degenerative spondylosis compounded by obesity, despite explicitly stating that she found Dr. Jacobs's opinion that Lonnie could walk and sit "most of the time" to be "not defined" and "vague," (Dkt. 7-2 at 23), we agree with the Magistrate Judge that the Court here must remand in order for the ALJ to explicitly provide the requisite "accurate and logical bridge" between the evidence and her conclusions.  *See*, *e.g.*, *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014).

## II.     Stooping and Crouching

Because we have found remand necessary on the grounds set forth above, we need not go further and address the Commissioner's second objection to the Magistrate Judge's Report and Recommendation.  However, on remand, the ALJ should take the opportunity to elucidate how Dr. Jacobs's findings that Lonnie is "unable to … squat" and that he had "reduced cervical rotation" and "forward elevation," particularly a forward lumbar flexion of only 50 degrees, are compatible with her RFC finding that Lonnie can "frequently stoop and crouch." Dkt. 7-2 at 16.

---

[3] As discussed above, at Step Four, the ALJ found Lonnie capable of performing his past work as a forklift operator, which is medium work as generally performed, but light work as Lonnie had performed it.

**Conclusion**

Having reviewed *de novo* the Magistrate Judge's analysis and conclusions, we hold that the ALJ failed to adequately consider Lonnie's obesity in combination with his other impairments in reaching the RFC determination. Accordingly, the Magistrate Judge's Report and Recommendation [Dkt. 21] is hereby **ADOPTED**. We hold that the Commissioner's decision that Lonnie was not disabled must be **REVERSED** and this cause **REMANDED** to the Social Security Administration for further proceedings in accordance with this decision.

IT IS SO ORDERED.

Date:  9/29/2023

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Eric Harris Schepard
SSA-Ogc
eric.schepard@ssa.gov

Julian Clifford Wierenga
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
julian.wierenga@usdoj.gov

Adriana Maria de la Torre
THE DE LA TORRE LAW OFFICE LLC
adriana@towerlawgroup.com